Joel L. Finger (Bar Roll No.103981)
Thelen Reid Brown Raysman & Steiner LLP
900 Third Avenue
New York, NY 10022
Attorneys for Defendant Wal-Mart Stores East, L.P.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KATHLEEN CURNS and LINDA ZUKAITIS,   **ANSWER TO COMPLAINT AND JURY DEMAND**

                          Plaintiffs,   Civil Action No.: 06-CV-1336
(GLS/DRH)

v.

WAL-MART STORES, INC.
                         Defendant.
-----------------------------------------------------------------x

      Defendant Wal-Mart Stores East, L.P., incorrectly sued as Wal-Mart Stores, Inc. ("Defendant" or "Wal-Mart"), by its attorneys Thelen Reid Brown Raysman & Steiner LLP, for its Answer to the Complaint, responds as follows:

### AS TO THE NATURE OF THE CLAIMS

      1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies same, except admits that Plaintiffs purport to proceed as stated therein.

      2.    Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

### AS TO JURISDICTION AND VENUE

      3.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 3 of the Complaint, and therefore denies same, except admits that Plaintiffs purport to proceed as stated therein.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies same, except admits that Defendant conducts business in this District.

## AS TO PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 5 of the Complaint, and therefore denies same, except admits that Plaintiff Kathleen Curns is a female employee of Wal-Mart. Defendant states that no response is required to the allegations set forth in the second sentence of Paragraph 5 of the Complaint because they call for legal conclusions.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 6 of the Complaint, and therefore denies same.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 7 of the Complaint, and therefore denies same, except admits that Plaintiff Linda Zukaitis is a female former employee of Wal-Mart. Defendant states that no response is required to the allegations set forth in the second sentence of Paragraph 7 of the Complaint because they call for legal conclusions.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 8 of the Complaint, and therefore denies same.

9. Defendant admits the allegations set forth in the first and second sentences of Paragraph 9 of the Complaint. Defendant states that no response is required to the allegations set forth in the third sentence of Paragraph 9 because they call for a legal conclusions.

## AS TO PROCEDURAL REQUIREMENTS

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies same, except admits that Plaintiff Curns filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 4, 2005, and that the EEOC mailed a Notice of Right to Sue on or about August 7, 2006.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies same, except admits that Plaintiff Curns filed a charge of discrimination with the EEOC on or about October 19, 2005, and that the EEOC mailed a Notice of Right to Sue on or about August 7, 2006.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in Paragraph 12 of the Complaint, and therefore denies same.

## AS TO FACTUAL ALLEGATIONS

### As to Allegations of Defendant's Discrimination Against Ms. Curns on the Basis of her Age, Gender and Disability

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in Paragraph 13 of the Complaint, and therefore denies same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and therefore denies same, except admits that Plaintiff Curns is qualified to work at Wal-Mart in her current position as assistant store manager.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint, except admits that Plaintiff Curns began working for Wal-Mart on or about July 12, 1995, and has received promotions and pay raises during her employment.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint, except admits that in or about 1997, Plaintiff Curns worked as Assistant Manager at a Wal-Mart store.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint, except admits that Plaintiff Curns became a District Manager of Wal-Mart's Shoes and Jewelry Division in or about September 1997.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint, except admits that in or about May 2005, Plaintiff Curns and other Wal-Mart associates who held the positions of Regional or District Manager of Shoes and Jewelry were informed that those positions were being eliminated as a result of a reorganization, and that associates who held those positions had to look for new employment opportunities.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and therefore denies same.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint, except admits that Stacy Wiggins is a Wal-Mart District Manager and that Plaintiff Curns spoke to Ms. Wiggins about Ms. Curns' application for a Fashion Merchandiser position.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of what Plaintiff Curns "learned" and therefore denies same.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint, except admits that Plaintiff Curns spoke to Ms. Wiggins about Ms. Curns' application for a Fashion Merchandiser position.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of what Plaintiff Curns "heard" and therefore denies same.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint, except admits that Plaintiff Curns applied for District Fashion Merchandiser, Store Manager, and Co-Manager positions for which she was not selected.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff Curns suffered from stress symptoms, and therefore denies same.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and therefore denies same, except admits that Plaintiff Curns went on a voluntary leave of absence.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint, except admits that on or about July 11, 2005, Wal-Mart sent a letter to Plaintiff Curns, which speaks for itself.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

**As to Allegations of Ms. Zukaitis's Employment History With Wal-Mart**

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint, except admits that Plaintiff Linda Zukaitis began working for Wal-Mart in 1991.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint, except admits that Ms. Zukaitis held the position of District Manager for Shoes and Jewelry when that position was eliminated in May 2005.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies same.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint, except admits that during her employment with Wal-Mart, Plaintiff Linda Zukaitis received awards.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint, except admits that during her employment with Wal-Mart, Plaintiff Linda Zukaitis received performance evaluations.

**As to Allegations of Wal-Mart's Discrimination Against Ms. Zukaitis on the Basis of Her Age and Gender**

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint, except admits that Plaintiff Zukaitis went on a medical leave of absence, and that in or about May 2005, Plaintiff Zukaitis and other Wal-Mart associates who held the positions of Regional or District Manager of Shoes and Jewelry were informed that those positions were being eliminated as a result of a reorganization, and that associates who held those positions had to look for new employment opportunities.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint, except admits that in or about May 2005, Plaintiff Zukaitis and other Wal-Mart associates who held the positions of Regional or District Manager of Shoes and Jewelry were informed that those positions were being eliminated as a result of a reorganization, and that associates who held those positions had to look for new employment opportunities.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint, except admits except admits that in or about May 2005, Plaintiff Zukaitis and other Wal-Mart associates who held the positions of Regional or District Manager of Shoes and Jewelry were informed that those positions were being eliminated as a result of a reorganization, and that associates who held those positions had to look for new employment opportunities.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint, except admits that Plaintiff Zukaitis applied for District Fashion Merchandiser positions for which she was not selected.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint, except admits that Plaintiff Zukaitis applied for Co-Manager positions for which she was not selected.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint, except admits that in or about June or July 2005, Plaintiff Zukaitis spoke with Micah Hawk.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint, except admits that in or about June 2005, Plaintiff Zukaitis spoke with Al Jenkins.

57. Defendant denies the allegations set forth in Paragraph 57 of the Complaint, except admits that in or about June 2005, Plaintiff Zukaitis spoke with Al Jenkins, and that Plaintiff Zukaitis was offered an Assistant Manager position.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint, except admits that Plaintiff Zukaitis applied for Co-Manager positions for which she was not selected.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint, except admits that in or about June 2005, Plaintiff Zukaitis spoke with Mr. Jenkins, and that Plaintiff Zukaitis was not selected for Co-Manager positions for which she applied.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint, except admits that in or about June or July 2005, Plaintiff Zukaitis spoke with Mr. Hawk.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint, except admits that in or about June or July 2005, Plaintiff Zukaitis spoke with Mr. Hawk, and that Plaintiff Zukaitis was offered an Assistant Manager position.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff Zukaitis suffered from high blood pressure, stomach pains and depression, and therefore denies same.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint, and therefore denies same, except admits that in or about July 2005, Plaintiff Zukaitis went on a voluntary leave of absence.

64. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint, and therefore denies same.

65. Defendant denies the allegations set forth in Paragraph 65 of the Complaint, except admits that in or about July 2005, Plaintiff Zukaitis spoke to Michelle Gunther.

66. Defendant denies the allegations set forth in Paragraph 66 of the Complaint, except admits that Plaintiff Zukaitis spoke to Ms. Gunther in or about July 2005.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint, and therefore denies same.

68. Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint, and therefore denies same.

70. Defendant denies the allegations set forth in Paragraph 70 of the Complaint, except admits that Plaintiff Zukaitis voluntarily resigned her position with Wal-Mart on or about August 15, 2005.

71. Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

72. Defendant denies the allegations set forth in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations set forth in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations set forth in Paragraph 74 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION
### (Discrimination in Violation of Title VII

75.     Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 74 of the Complaint as if they were fully set forth herein.

76.     Defendant denies the allegations set forth in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations set forth in Paragraph 77 of the Complaint.

78.     Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

80.     Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 79 of the Complaint as if they were fully set forth herein.

81.     Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations set forth in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION
### (Discrimination in Violation of ADEA)

85.     Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 84 of the Complaint as if they were fully set forth herein.

86.     Defendant denies the allegations set forth in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations set forth in Paragraph 88 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION
**(Retaliation in Violation of ADEA)**

89. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 88 of the Complaint as if they were fully set forth herein.

90. Defendant denies the allegations set forth in Paragraph 90 of the Complaint.

91. Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION
**(Discrimination in Violation of ADEA)**

92. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 91 of the Complaint as if they were fully set forth herein.

93. Defendant denies the allegations set forth in Paragraph 93 of the Complaint.

94. Defendant denies the allegations set forth in Paragraph 94 of the Complaint.

95. Defendant denies the allegations set forth in Paragraph 95 of the Complaint.

96. Defendant denies the allegations set forth in Paragraph 96 of the Complaint.

## AS TO THE SIXTH CAUSE OF ACTION
**(Violation of the Duty of Reasonable Accommodation)**

97. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 96 of the Complaint as if they were fully set forth herein.

98. Defendant denies the allegations set forth in Paragraph 98 of the Complaint.

99. Defendant denies the allegations set forth in Paragraph 99 of the Complaint.

100. Defendant denies the allegations set forth in Paragraph 100 of the Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION
**(Discrimination in Violation of New York State Human Rights Law)**

101. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 100 of the Complaint as if they were fully set forth herein.

102. Defendant denies the allegations set forth in Paragraph 102 of the Complaint.

103.　Defendant denies the allegations set forth in Paragraph 103 of the Complaint.

104.　Defendant denies the allegations set forth in Paragraph 104 of the Complaint.

## AS TO THE EIGHTH CAUSE OF ACTION
### (Retaliation in Violation of New York State Human Rights Law)

105.　Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 104 of the Complaint as if they were fully set forth herein.

106.　Defendant denies the allegations set forth in Paragraph 106 of the Complaint.

107.　Defendant denies the allegations set forth in Paragraph 107 of the Complaint.

108.　Defendant denies the allegations set forth in Paragraph 108 of the Complaint.

## AS TO THE PRAYER FOR RELIEF

109.　Defendant denies that Plaintiffs are entitled to any relief and denies the allegations set forth in the wherefore clause.

## AS TO THE JURY DEMAND

110.　Defendant denies that Plaintiffs are entitled to a trial on all issues of fact and damages and denies the allegations set forth in the jury demand.

111.　All allegations not expressly admitted are hereby denied.

## DEFENSES

### FIRST DEFENSE

1.　The Complaint, and each of the allegations set forth therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2.　All decisions made by Wal-Mart with respect to each of the Plaintiffs and all actions taken with respect to each of the Plaintiffs' employment were based solely on legitimate, non-discriminatory factors.

## THIRD DEFENSE

3.     Each of the Plaintiffs was at all times an employee at will, and had no express, implied, oral, or written contract of employment with Wal-Mart and could have been laid off or terminated at any time, with or without cause.

## FOURTH DEFENSE

4.     Without conceding in any way to the allegations of the Complaint, at all times relevant to this action, Wal-Mart has maintained and enforced policies prohibiting discrimination and harassment, has provided procedures through which employees can notify it of violations and/or perceived violations of these policies and has promptly investigated complaints of discrimination and harassment and has taken corrective action where appropriate. To the extent that Plaintiffs or either of them notified Wal-Mart of any actual or perceived discrimination or harassment and/or availed herself of the preventive and corrective opportunities provided by Wal-Mart, Wal-Mart promptly investigated and to the extent appropriate, took corrective action.

## FIFTH DEFENSE

5.     All decisions made by Wal-Mart with respect to each of the Plaintiffs and all actions taken with respect to each of the Plaintiffs' employment were made without malice, ill will, fraud, oppression or any other improper motive.

## SIXTH DEFENSE

6.     Plaintiffs fail to state facts sufficient to support an award of punitive or multiple damages against Wal-Mart.

## SEVENTH DEFENSE

7.     Plaintiffs' claims are barred, in whole or in part, by the exclusive remedy provisions of the New York Workers' Compensation Law.

## EIGHTH DEFENSE

8. If either of the Plaintiffs suffered any economic injury as a result of any alleged actions by Wal-Mart, any entitlement to which is expressly denied, each of the Plaintiffs had a duty to mitigate damages, and, upon information and belief, failed to do so.

## NINTH DEFENSE

9. Plaintiffs' complaint and each claim set forth therein are barred by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## TENTH DEFENSE

10. All decisions made by Wal-Mart with respect to each of the Plaintiffs and all actions taken with respect to each of the Plaintiff's employment complied with all applicable laws.

## ELEVENTH DEFENSE

11. Plaintiffs suffered no adverse employment action as a result of any action taken or decision made by Wal-Mart with respect to each of the Plaintiffs' employment.

## TWELFTH DEFENSE

12. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## THIRTEENTH DEFENSE

13. As Plaintiffs' claims are without merit, Wal-Mart should recover all costs and attorneys' fees incurred herein.

## FOURTEENTH DEFENSE

14. Wal-Mart reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action.

WHEREFORE, Wal-Mart respectfully requests that the Complaint against it be dismissed with prejudice, and that it be granted such other and further relief as is just and proper.

Dated: New York, New York
      January 16, 2007

                        **DEFENDANT WAL-MART STORES EAST, L.P.**

By _____
Joel L. Finger (Bar Roll No. 10398)
Thelen Reid Brown Raysman & Steiner LLP
900 Third Avenue
New York, NY 10022
(212) 895-2000

16

Joel L. Finger (Bar Roll No. 103981)
Brown Raysman Millstein Felder & Steiner LLP
900 Third Avenue
New York, NY 10022

Attorneys for Defendant Wal-Mart Stores East, L.P.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KATHLEEN CURNS and LINDA ZUKAITIS,

                    Civil Action No. 06-CV-1336
                    (GLS/DRH)

               Plaintiff,
  -against-

                    **CERTIFICATE OF SERVICE**

WAL-MART STORES, INC.

               Defendant.
------------------------------------------------------------x

      I declare that on January 16, 2007, I caused a true and correct copy of the Defendant Wal-Mart Stores East, L.P.'s (incorrectly sued as Wal-Mart Stores, Inc.) Answer to be served by electronic filing and regular, first-class mail, and addressed to the following:

      Douglas H. Wigdor, Esq.
      Thompson Wigdor & Gilly, LLP
      350 Fifth Avenue
      New York, New York 10022-4728

Dated:  January 16, 2007
        New York, New York

                                                  */s/ Marguerite Stenson Wynne*
                                                Marguerite Stenson Wynne