

# Thompson Wigdor & Gilly LLP
ATTORNEYS AND COUNSELORS AT LAW

Empire State Building
350 Fifth Avenue
Suite 5720
New York, NY 10118
Tel 212.239.9292
Fax 212.239.9001
www.twglawyers.com

**Andrew S. Goodstadt**
agoodstadt@twglawyers.com

January 25, 2008

**BY ECF AND OVERNIGHT DELIVERY**

Honorable David R. Homer
United States Magistrate Judge
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

   Re:   <u>Kathleen Curns and Linda Zukaitis v. Wal-Mart Stores, Inc. 06-CV-1336 (GLS/DLH)</u>

Dear Judge Homer:

We represent Kathleen Curns and Linda Zukaitis, Plaintiffs in the above-referenced action against Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or the "Company"). We write to respectfully request a telephone conference with the Court to resolve a dispute concerning the location for the depositions of Wal-Mart's employees, which the parties have been unable to resolve through good faith among themselves.

Prior to the settlement conference held before Your Honor on December 6, 2007, Plaintiffs noticed the depositions of several current Wal-Mart employees who were directly involved in Wal-Mart's rejection of Plaintiffs' applications for various positions at the Company. Although the scheduling of these depositions had been held in abeyance pending the settlement conference, Defendant's counsel agreed at the conference to provide Plaintiffs with witness availability dates for the previously noticed depositions. After multiple follow-up requests for this information by Plaintiffs, Wal-Mart identified availability dates in February for the various witnesses to be deposed at their respective locations. The locations identified by Wal-Mart for the depositions of its employees include: (i) Yardley, Pennsylvania; (ii) Bentonville, Arkansas; (iii) Rochester, New York; and (iv) Fruitland, Maryland. Although Plaintiffs reiterated their request for Wal-Mart to produce these witnesses for depositions in New York City – where Plaintiffs appeared for their depositions, and where counsel for both

Thompson Wigdor & Gilly LLP  ATTORNEYS AND COUNSELORS AT LAW

Honorable David R. Homer
January 25, 2008
Page 2

parties, as well as all litigation materials and documents, are located – the Company will produce its current employees for depositions at their respective locations only, in an apparent effort to drive up Plaintiffs' costs of litigation.

Although "there is a presumption that depositions of corporate officers will take place at the corporate officer's residence or the corporation's principal place of business[,] . . . this presumption is not a strong one and operates primarily when other factors do not favor any particular site for the depositions." Morrisey v. Little Beaver, Inc., 05-cv-0951 (LDW/AKT), 2006 U.S. Dist. LEXIS 92812, at *2-3 (E.D.N.Y. 2006) (citations omitted). Thus, "the presumption can be overcome by a showing that factors of cost, convenience and litigation efficiency militate in favor of holding the deposition somewhere other than the district of the deponent's residence or place of business." Id. at *3 (citations omitted). Accordingly, "corporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum, for the convenience of all parties and in the general interest of judicial economy." Id. at *3-4 (citations omitted); see also Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989) (the presumption is a rule "often honored in the breach") (citations omitted).

It is clear that considerations of cost, convenience and litigation efficiency militate in favor of Plaintiffs' request for current Wal-Mart employees to appear for their depositions in New York City, where counsel for both parties and all litigation materials are located. The costs associated with transporting counsel for both parties to four different locations would obviously exceed the costs of having the individual witnesses travel to New York City for their depositions. See Silva Run Worldwide Ltd. v. Gaming Lottery Corp., 96-cv-3231 (RPP), 2003 U.S. Dist. LEXIS 22994, at *3 (since "the lawyers of Plaintiff, Defendant and Defendants' seven other co-defendants are located in New York City, as are all other documents upon which the deposition will be based," the deposition should take place in New York). Requiring Wal-Mart to bear the costs of its employees' travel is also consistent with "the general principle that corporate defendants are in a better position than individual plaintiffs to absorb travel costs associated with depositions." Morrisey, 2006 U.S. Dist. LEXIS 92812, at *7 (citations omitted).

With respect to the convenience factor, relevant considerations include "hardship to counsel, the residence of the deponents, and the extent to which the witness' affairs might be disrupted." Id. at *8 (citations omitted). Conducting depositions in four different cities would impose significant hardships on Plaintiffs' counsel, particularly because Plaintiffs are represented by a relatively small law firm. See id. ("The size of an attorney's firm is also an appropriate factor to consider in determining convenience.") (citations omitted). Although the witnesses to be deposed do not reside in New York City, there is nothing to suggest that

requiring them to travel to New York for only one day each would entail any significant disruption of their affairs. To the contrary, litigation efficiency would be best served by conducting the depositions of Wal-Mart employees in New York City, where Plaintiffs appeared for their depositions and where counsel for both parties – and the documents produced in discovery that relate to each deposition – are located.

For the foregoing reasons, we respectfully request a conference to address this dispute.

In addition, in light of Wal-Mart's scheduling difficulties with respect to its employees' availability for depositions, as well as the delay resulting from the parties' instant dispute concerning the location for those depositions, the parties jointly respectfully request a 45-day extension of the deadline for fact discovery in this case from February 28, 2008 to April 14, 2008, and the deadline for filing dispositive motions from April 1, 2008 to May 16, 2008. Defendant's counsel has advised us that Wal-Mart joins this request for extension of the discovery deadlines.

Respectfully submitted,

Andrew S. Goodstadt

cc: Marguerite Wynne, Esq. (counsel for Defendant)