# MOTION HEARING MINUTES

*CASE NAME:*

| Kathleen Curns, et al. | VS | Wal-Mart Stores, Inc. |

*CAUSE*: 42:2000e Job Discrimination (Employment)         *DATE*:  October 30, 2008

*PROCEEDING:*        Motion Hearing

*LAW CLERKS*:                           *CASE NUMBER:*  1:06-cv-1336 (GLS/DRH)

*TRIAL DATE:*  \*\*/\*\*/\*\*         *STENO*:   Renee Leguire

Note:      None

| PRINT NAME | FIRM NAME | PARTY: |
|---|---|---|
| Andrew S. Goodstadt, Esq. | Thompson, Wigdor Law Firm | Plaintiffs |
| Joel L. Finger, Esq. Marguerite S. Wynne, Esq. | Littler, Mendelson Law Firm | Defendant |

BEGINNING TIME:    10:25 A.M.            END TIME: 11:40 A.M.

**APPEARANCES:**. All attorneys present.

10:25 a.m. Court states the motion pending before the court. Court states claims in the action pending on the plaintiffs. Court states standard of review has been incorporated with the court exhibit.

10:27 a.m. Atty. Finger states a lot of contentions made. Defendant eliminated the shoes and jewelry division in 2005. Plaintiffs advised could look for other jobs. Plaintiffs applied for other jobs and did not get any of the ones they wanted. Plaintiffs have provided no evidence to challenge defendant's reasons. Discusses plaintiffs' arguments. Record does not support plaintiffs' contentions.

10:31 a.m. Court states plaintiffs disputes real motivation and tried to cover it up.

10:31 a.m. Atty. Finger states plaintiffs to have interviews for all jobs applied for. Displaced persons would get interview for fashion merchandising jobs applied for. Plaintiffs contend regulation that former supervisors had to be interviewed or consulted and cites depositions. There was no regulation or requirements.

| | |
|---|---|
| 10:34 a.m. | Court states plaintiffs contention with the personnel files. |
| 10:35 a.m. | Atty. Finger states no argument for pretext based on the facts. Discusses 2nd Circuit case. Discusses 7th Circuit case. |
| 10:36 a.m. | Court turns to whether that fact was admissible. |
| 10:37 a.m. | Atty. Finger discusses spoliation. Cites a 2nd Circuit case. There is not substantial evidence of whether answers to interview questions are a level of spoliation. Discusses the jobs of Early and Sims. Discusses 2nd Circuit Ethan Allen case. Cites case from the Southern District. Discusses the alleged disability as to plaintiff Curns. Discusses Wiggins interview. |
| 10:47 a.m. | Court inquires of Curns requesting certain questions be repeated. |
| 10:48 a.m. | Atty. Finger discusses interview. Discusses retaliation claim. Discusses the applications for store manager jobs. No evidence to support causal connection to retaliation claims. |
| 10:51 a.m. | Court inquires of how many jobs were eliminated. |
| 10:51 a.m. | Atty. Finger indicates discusses job eliminations and discusses managerial positions that were available. |
| 10:52 a.m. | Court inquires how many jobs applied for. |
| 10:53 a.m. | Atty. Finger states 13 positions that were applied for. |
| 10:54 a.m. | Court states question here is what inferences you draw from the facts. |
| 10:54 a.m. | Atty. Finger states plaintiffs don't controvert the facts. |
| 10:55 a.m. | Court states before you begin to analyze the decisions over the depositions, who made the decision, how made the decision, overall context. no statistical date from plaintiff on defendant downsizing. ow many positions were cut, what categories of women and aged people occupied those positions on downsizing and how many of those gained positions. Understand there will be less positions on downsizing. |
| 10:57 a.m. | Atty. Finger states 3 of the positions were filled by women and 1 was 51. For the jobs the decision makers were older the plaintiffs. Four were 40 or over for the 13 chosen. For the fashion merchandiser positions, were former Shoes and Jewelry supervisors and one of them were the plaintiffs supervisor. Discusses plaintiff Zukaitis. |
| 11:00 a.m. | Court states not a demotion but a diminution of benefits. |
| 11:00 a.m. | Atty. Finger states made showing to comply with the standard to have summary judgment granted. |
| 11:00 a.m. | Court wants to focus on ADA claim. |
| 11:01 a.m. | Atty. Goodstadt states pursuing the claim. |
| 11:01 a.m. | Court discusses the ADA claim. Problem in employment discrimination and take isolated aspect that poses a fact and find 10 cases on all sides of that. Court has to look at entire record, combination of circumstances to survive a motion for |

|            |                                                                                                                                                                                                                                                                                                                                                                |
|------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | summary judgment. As to the ADA, Curns states had disability hearing impaired. Court sees issue that specific claim of ADA is should have been provided accommodation with telephone interviews and was not on equal footing with other applicants. Start with premise if Wiggins knew of hearing impaired not stuck with the request accommodations. Understand dynamic and principles of ADA claim, now plug facts and how plaintiff sees facts differently. Court discusses statement of Curns to Wiggins from testimony. |
| 11:06 a.m. | Atty. Goodstadt states recitation is correct by court. Employer has obligation for accommodations. |
| 11:08 a.m. | Court states on pretext for age and gender discrimination but how to the ADA claim. Asked questions repeated and they did and she did not ask for an in-person interview. |
| 11:09 a.m. | Atty. Goodstadt states manner of telephone interview on not equal footing. |
| 11:10 a.m. | Court states she indicated she did not want to be treated differently only when she was unhappy with decision. |
| 11:10 a.m. | Atty. Goodstadt states plaintiff did not want to be treated differently where it would be viewed unreasonably. Plaintiff wanted to be treated the same but did not want to rock the boat. |
| 11:12 a.m. | Court states if accept and acknowledge that, then saying we are dealing whether employer has reasonably accommodated employee, how could defendant have anticipated to conduct an in person interview. Stick in context of any employer, how could anticipate to accommodate a person. |
| 11:14 a.m. | Atty. Goodstadt states case by case determination by the interviewer. There were some but none with Ms. Wiggins who testified all of hers were over the phone. It comes down to Wiggins not making the offer of coming in. |
| 11:19 a.m. | Court inquires of constructive discharge claim. |
| 11:19 a.m. | Atty. Goodstadt states the way Zukaitis was treated after this matter. It was a demotion. |
| 11:20 a.m. | Court states given the level of diminution of benefits this factual scenario commits egregious conduct. |
| 11:20 a.m. | Atty. Goodstadt discusses this issue. Discusses defendants arguments on filling the 13 positions. States there are shifting reasons. Cites some cases to the court. Discusses Sims decision to give Early the position. Gives reasons for pretext. |
| 11:26 a.m. | Court states can take any specific argument whether admissible on pretext and find all over the board. Look at overall record, combination of shifting statements, particular situation, qualifications or no qualifications, combination of all of those events, question is combination of events creates a triable issue for the jury whether the truth or pretext for age and sex discrimination. |
| 11:28 a.m. | Atty. Finger states record shows the letter was sent 90 days after Zukaitis' job |

|  |  |
|---|---|
|  | was eliminated.  She was on leave at the time.  She was getting paid and had no job.  Plaintiff's counsel misread statement by adding the words "because of".  State plaintiffs argue that Morgan got job solely on interview.  Wiggins got stellar recommendation from Morgan's supervisor. |
| 11:30 a.m. | Court states appreciate arguments.  Court denies motion for summary judgment in all respects.  All claims survive.  Court states not persuaded that the ADA claim would survive a Rule 50.  Transcript constitutes the decision of the court.  No written order will be forthcoming. |