# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

**KATHLEEN CURNS and LINDA ZUKAITIS**

|  |  |
|---|---|
| **Plaintiffs,** | **Civil No. 1:06-cv-1336 (GLS/DRH)** |
| **v.** | |
| **WAL-MART STORES, INC.** | |
| **Defendant.** | |

**FOR PLAINTIFFS:**

| | |
|---|---|
| Thompson, Wigdor Law Firm<br>Empire State Building<br>85 Fifth Avenue<br>Fifth Floor<br>New York, New York 10003<br>(212) 257-6800 | DOUGLAS H. WIGDOR, ESQ.<br>ANDREW S. GOODSTADT, ESQ. |

**FOR DEFENDANT:**

| | |
|---|---|
| Littler, Mendelson Law Firm<br>900 Third Avenue<br>New York, New York 10022-4834<br>(212) 497-8491 | JOEL L. FINGER, ESQ.<br>MARGUERITE S. WYNNE, ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

## Trial Order

All relevant Uniform Pretrial Scheduling Order deadlines having

expired in the above captioned case, it is hereby designated "trial ready," and a jury term has been scheduled to begin on **Monday, May 10, 2010.** All parties **shall** be prepared to proceed according to the schedule recited in this order and attachments **unless** on or before **April 15, 2010,** all parties in a specific action file a Consent to the Exercise of Jurisdiction by a Magistrate Judge. *See* General Order 25, 28 U.S.C. § 636(c), L.R. 72.2(b), and Attachment. In the latter event, the court will issue an Order of Reference, the case will be removed from the trial ready list, and it will be referred to a United States Magistrate Judge for all further proceedings, including the scheduling of pretrial submissions and trial.

The parties are further advised that should a case be removed from the trial ready list because of settlement or some other factor, on or after **Thursday, May 6, 2010, at 4:00 P.M.,** the court may impose **sanctions** pursuant to L.R. 47.3.

## PRETRIAL SUBMISSIONS[1]

The pretrial submissions required by Attachment 1 **shall** be filed on or before **4:00 p.m. on April 19, 2010** (two weeks before the final pretrial

---

[1]To the extent that the requirements of this order and attachments are inconsistent with any prior Uniform Pretrial Scheduling Order or other orders entered in this case, this order and attachments control.

2

conference), **or _earlier_ in accordance with the generic schedule recited**

**in Attachment 1**, as supplemented by the specific dates set forth below:

1.    On or before **4:00 p.m. on April 19, 2010** (two weeks before

the final pretrial conference), the parties **shall** file:

(a)    Joint Pretrial Stipulation (*See Attachment 1, ¶ 1*);

(b)    Court Ordered Voire Dire (*See Attachment 1, ¶ 2, and*

*Attachment 2*);

(c)    Proposed Voire Dire (*See Attachment 1, ¶ 3*);

(d)    Witness List (*See Attachment 1, ¶ 4*);

(e)    Exhibit List (*See Attachment 1, ¶ 5(4)*);

(f)    Trial Brief (*See Attachment 1, ¶ 6*);

(g)    Requests to Charge and Proposed Special Verdict Form

(*See Attachment 1, ¶ 7*);

(h)    Motions *In Limine* (*See Attachment 1, ¶ 8*); and,

(i)    Depositions (*See Attachment 1, ¶ 9*);

2.    On or before **4:00 p.m. on April 26, 2010** (one week before the

final pretrial conference date), the parties **shall** file:

(a)    Responses to Motions *In Limine* (*See Attachment 1, ¶ 8*);

and,

3

3.   On or before **May 10, 2010** (trial date), the parties **shall** file:

(a)   Exhibit Copies (*See Attachment 1, ¶ 5(1)*).

## Final Pretrial Conference

The attorneys for all parties in this action **shall appear** at this court's

chambers, 445 Broadway, Albany, New York, First Floor, South, for a final

pretrial conference on **Monday, May 3, 2010 at 9:00 A.M.**

## Jury Selection and Trial

The attorneys and parties **shall appear** at Courtroom No. 6, 445

Broadway, Albany, New York, First Floor, South, for the commencement

jury selection and trial on **Monday, May 10, 2010 at 9:30 A.M.**

**SO ORDERED.**

Date:     **May 29, 2009**
          **Albany, NY**

Gary L. Sharpe
U.S. District Judge

4

## Attachment #1

## Pretrial Submissions

***N.B.*** **Unless otherwise noted, all parties shall electronically file and serve all pretrial submissions in accordance with General Order #22, ¶ 5.**

The following pretrial submissions **shall** be filed in accordance with this order:

1.   **Joint Pretrial Stipulation**

A joint pretrial stipulation shall be subscribed by counsel for all parties, and shall contain:

**(1)**   The basis of federal jurisdiction;

**(2)**   A list of all exhibits which can be stipulated into evidence or which will be offered without objection as to foundation;

**(3)**   Relevant (a) facts not in dispute, (b) facts in dispute, and (c) issues of law to be considered and applied by the Court.

2.   **Court Ordered Voir Dire**

*See* Attachment #2

3.   **Proposed Voir Dire**

Each party shall submit a numbered list of questions which the court, in the exercise of its discretion, may use during jury selection.

1

**4.** **Witnesses**

(1) Counsel shall file a witness list containing the following information regarding the witnesses that may be called to testify at trial other than solely for impeachment purposes:

(a) The name and, if not previously provided, the address (city only) of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, as well as a brief summary of the testimony to be offered by each witness.

> **N.B.: Personal Privacy Protections may apply to disclosure of this information.  See Local Rule 8.1; General Order #22, ¶¶ 2.1.3, 11.1-11.2 and 12.2.**

(b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered.

(2) The unavailability of any witness, expert, or otherwise, will not be grounds for a continuance.  In order to avoid the possibility of proceeding at trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve the testimony by written or video-taped deposition for possible use at trial.  (Please refer to the attached instruction sheet for the use of video-taped depositions.)

5.   **Exhibits**

(1)   All exhibits shall be marked for identification in the manner prescribed hereinafter. A complete set of copies of the exhibits or, alternatively, a copy of a CD ROM containing the exhibits shall be presented to Judge Sharpe's Deputy Courtroom Clerk at the beginning of the trial.

(2)   The exhibits shall have been inspected by the opposing party and copied at their expense (unless waived), **NO LATER THAN ONE WEEK PRIOR TO THE FINAL PRETRIAL CONFERENCE DATE.** All documents and/or papers intended as exhibits or to be used during the course of trial, including but not limited to, documents, photographs, charts, diagrams, etc., shall be assembled in **BINDERS AND/OR ON CD ROM** with each document properly marked at the lower right corner for identification purposes as directed below. In voluminous cases, consult with Judge Sharpe's Courtroom Clerk for the proper procedure to follow.

(3)   During the course of trial the Deputy Courtroom Clerk shall take charge of exhibits which are received into evidence. At the conclusion of the trial, the Courtroom Deputy Clerk will immediately return all of the exhibits to the proper parties. It is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal.

(4)   **On or before 4:00 p.m. on April 19, 2010,** counsel shall electronically file and serve an Exhibit List. The exhibits shall be listed on the form prescribed by the Court, a copy of which is attached to this Order. Counsel are to supply all the requested information with the exception of the two "Date

3

Boxes" which should remain blank.

**(5)**   Counsel shall fill in the appropriate markers leaving the "File" and "Deputy Clerk" lines blank.  All exhibits shall be assigned numbers by using a prefix of "P" for plaintiff, "D" for defendant, and "G" for Government (U.S. Attorney).

Plaintiff's exhibits should be denoted as: P-l, P-2, P-3, etc.  Defendant's exhibits should be denoted as: D-l, D-2, D-3, etc.  Government's exhibits should be denoted as: G-l, G-2, G-3, etc.  In cases involving multiple defendants, the exhibits shall be denoted with the initial of the last name of the defendant and its numerical identification number.

Stickers shall be affixed whenever possible to the lower right-hand corner of the exhibit.  If the exhibit marker is going to cover any information on the exhibit, then affix the marker to the reverse side of the exhibit.

6.   **Trial Brief**

**On or before 4:00 p.m. on April 19, 2010,** counsel shall electronically file and serve a trial brief containing argument and citations on any and all disputed issues of law, citing the applicable rules of evidence and case law.  Trial briefs should also include any evidentiary issues that are expected to arise.

7.   **Requests to Charge and Proposed Special Verdict Form**

**On or before 4:00 p.m. on April 19, 2010,** counsel shall *traditionally* file with the Clerk's Office and serve upon opposing counsel a request to charge and a proposed Special Verdict Questionnaire on either a CD ROM or 3.5-inch computer disk, preferably in WordPerfect format.  The request to charge need only include instructions that are specific to the

4

law in this case regarding liability, damages, and any unusual issues.  The Court has usual boilerplate instructions.

8.   **Motions *in Limine***

On or before **4:00 p.m. on April 19, 2010**, counsel shall electronically file and serve any motions in limine, citing the applicable rules of evidence and case law.  Counsel shall file any response to a motion in limine no later than **seven days before the Final Pretrial Conference date.  MOTIONS IN LIMINE MAY NOT OTHERWISE BE FILED WITHOUT LEAVE OF THE COURT.**

9.   **Depositions**

(1)   **On or before 4:00 p.m. on April 19, 2010**, counsel shall electronically file all non-video taped depositions to be used at trial.  Counsel shall traditionally file all video-taped depositions to be used at trial. (*See* General Order #22, ¶¶ 1.2, unnumbered paragraph foll. 2.1.6).  To the extent possible, objections are to be resolved between the parties.  Areas of unresolved disagreement shall be presented to the Court for ruling at the Final Pretrial Conference.  (See attached instruction sheet for use of video-taped depositions.)

Dated: **May 29, 2009**
**Albany, NY**

Gary L. Sharpe
U.S. District Judge

## **ATTACHMENT #(2)**

### COURT ORDERED VOIR DIRE
### TO BE USED BY THE JUDGE AT TRIAL

CASE TITLE:
CIVIL ACTION NO.:
ASSIGNED JUDGE OR MAGISTRATE JUDGE:

Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court one week in advance of the trial ready date.

NAMES AND ADDRESSES OF ALL PARTIES TO THE LAWSUIT:

(use additional page if necessary)

YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.

(use additional page if necessary)

SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION.

1

(use additional page if necessary)

2

SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE CALLED.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREAS OF EXPERTISE.

3

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF
ACTION IN THE COMPLAINT.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY
AFFIRMATIVE DEFENSE ASSERTED AS WELL AS A STATEMENT
ADDRESSING ANY COUNTERCLAIMS RAISED IN THE ANSWER.

(use additional page if necessary)
-------------------------------
PLEASE TAKE NOTICE that any delay in jury selection occasioned by the
failure to provide this information will be explained to the jury as to the
extent of the delay and the attorney causing same and if the delay causes
a one (1) day or more postponement of this trial, appropriate monetary
sanctions will be imposed by the Court.

Submitted by:
Date:

5

## INSTRUCTIONS FOR THE USE OF VIDEO TAPED DEPOSITIONS

COUNSEL ARE TO VIEW ALL VIDEOTAPES WHICH MAY BE OFFERED INTO EVIDENCE AT THE TIME OF TRIAL.  ALL VIDEO-TAPED DEPOSITIONS TO BE USED AT TRIAL SHALL BE FILED WITH THE CLERK'S OFFICE AT LEAST ONE WEEK BEFORE THE TRIAL READY DATE.  NOT EARLIER THAN ONE WEEK AND NOT LESS THAN FOUR DAYS PRIOR TO THE TRIAL READY DATE, EACH PARTY SHALL INDICATE TO THE OTHER PARTY THE PORTION OF THE DEPOSITION TO BE OFFERED.  TO THE EXTENT POSSIBLE, OBJECTIONS ARE TO BE RESOLVED BETWEEN THE PARTIES.  COUNSEL SHALL SUBMIT ALL OBJECTIONS IN WRITING TO THE COURT FOR RULING PRIOR TO THE TRIAL READY DATE.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE CLERKS OFFICE HAS AVAILABLE A VHS FORMAT VIDEO CASSETTE PLAYER AND

TELEVISION FOR USE AT TRIAL.  PLEASE BE ADVISED THAT YOU MUST PROVIDE A PERSON

TO RUN THE EQUIPMENT DURING THE COURSE OF THE TRIAL.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## ELECTRONIC VISUAL EVIDENCE PRESENTER

IN ADDITION TO THE VIDEO EQUIPMENT NOTED ABOVE, THE COURT HAS AVAILABLE A

VISUAL EVIDENCE PRESENTER WHICH WILL ALLOW COUNSEL TO DISPLAY PHOTOS

(NEGATIVES OR POSITIVES), DOCUMENTS, X-RAYS, AND 3-D OBJECTS , WITHOUT WIRES,

ON TELEVISIONS PLACED THROUGHOUT THE COURTROOM.  THIS EQUIPMENT IS

AVAILABLE AT THE COURTHOUSES IN ALBANY, SYRACUSE, UTICA AND BINGHAMTON.  USE

OF THE VISUAL PRESENTER MAY BE REQUIRED BY THE TRIAL JUDGE PRESIDING OVER

YOUR CASE.  FOR FURTHER INFORMATION ON THE USE OF THIS EQUIPMENT, PLEASE

CONTACT THE COURTROOM DEPUTY CLERK FOR THE ASSIGNED TRIAL JUDGE.

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |

Page 1 of ___

United States District Court
For The Northern District Of New York

Case No. _____
Date: _____
Presiding Judge: _____

( ) Plaintiff          ( ) Defendant          ( ) Court

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date): _____
Signature: _____

Page ___ of ___

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date): _____

Signature: _____

AO 85 (Rev. 01/09)  Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

| | | |
|---|---|---|
| Kathleen Curns and Linda Zukaitis | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:06-cv-1336 (GLS/DRH) |
| Wal-Mart Stores, Inc. | ) | |
| *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:  _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.