

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Douglas H. Wigdor**
dwigdor@twglaw.com

May 17, 2010

**BY ECF**

Honorable Gary L. Sharpe
United States District Judge
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, New York 12207

    Re:    *Kathleen Curns & Linda Zukaitis v. Wal-Mart Stores, Inc.*,
            **No. 06-CV-1336 (GLS)**

Dear Judge Sharpe:

We represent Plaintiffs Kathleen Curns and Linda Zukaitis in the above-referenced matter, and write in opposition to the "letter brief" filed after business hours on Friday evening by Defendant Wal-Mart Stores, Inc. ("Defendant" or "Wal-Mart") requesting leave to take the eleventh-hour depositions of two witnesses, Patti Allen and Randall Sims, both former Wal-Mart employees. Wal-Mart made a tactical decision *not* to depose Allen during discovery, which was completed more than two years ago, and Wal-Mart previously cross-examined Sims during his deposition, which was timely noticed and conducted by Plaintiffs during discovery.

Although Wal-Mart claims that these potential trial witnesses have only recently become "unavailable" due to their respective out-of-state travel plans, "[a] party who makes the tactical decision during a deposition to refrain from examining a witness who is beyond the subpoena power of the court, takes the risk that the testimony could be admitted at trial if the witness will not or cannot appear voluntarily." *Henkel v. XIM Products, Inc.*, 133 F.R.D. 556, 557 (D. Minn. 1991). Indeed, "[t]his is not a situation where the witnesses were deposed with the expectation that they would be personally testifying at trial. They were never deposed. The choice not to depose a witness deemed important to [its] case is a strategic decision made by" Wal-Mart, which cannot be undone now simply by recasting the depositions that Wal-Mart chose *not* to take as "preservation deposition" on the eve of

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Gary L. Sharpe
May 17, 2010
Page 2

trial. *See McCloud v. Goodyear Dunlop Tires N. Am., Inc.*, No. 04-1118, 2006 U.S. Dist. LEXIS 43872, at *7 (C.D. Ill. June 27, 2006). Moreover, Wal-Mart previously took advantage of its opportunity to cross-examine Mr. Sims during his discovery deposition, and should not now be afforded a "second bite at the apple" to the extent that it now regrets the scope of questions that it chose to ask him.

Wal-Mart "had every opportunity to seek the deposition" of Ms. Allen, and/or to more thoroughly question Mr. Sims, "during the discovery period. Such [] deposition[s] would then have been available for use at trial." *See George v. Ford Motor Co.*, 03 Civ. 7643 (GEL), 2007 U.S. Dist. LEXIS 61453, at *32 (S.D.N.Y. Aug. 16, 2007). Wal-Mart "instead made a strategic decision not to do so;" the fact that it now in hindsight regrets this decision does not demonstrate the requisite showing of "good cause" to amend the scheduling order with respect to these witnesses two years after the completion of discovery. *See id.* ("The Federal Rules of Civil Procedure make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial (*de bene esse*)") (quoting *Tatman v. Collins*, 938 F.2d 509, 510 (4th Cir. 1991)).

Moreover, during Mr. Sims' deposition – which was noticed by Plaintiffs during the discovery period – Wal-Mart had the opportunity to – and actually did – question Mr. Sims, among other reasons, to preserve his testimony for trial. *See United States v. International Business Machines Corp.*, 90 F.R.D. 377, 381 (S.D.N.Y. 1981) ("Whether the cross was extended or limited was left to counsel's judgment, and to the strategy that is inherent in a trial lawyer's decision.") (quoting *Wright Root Beer Co. v. Dr. Pepper Co.*, 414 F.2d 887, 890 (5th Cir. 1969)). Similarly, Wal-Mart obviously "knew of the importance of [Sims'] testimony for a considerable time before" submission of its letter brief last Friday evening, and Wal-Mart "should have known of the inherent difficulties and uncertainties of getting a witness . . . to testify at trial at a specific time in the future." *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1361 (11th Cir. 2002).

Indeed, in *Estenfelder v. Gates Corp.*, 199 F.R.D. 351 (D. Colo. 2001) – a case in which preservation depositions were permitted (*see* Wal-Mart Letter Br. at 2) – the court expressly distinguished its ruling from cases rejecting similar requests, explaining that, as in the present case:

> In each of those cases, the judge found that the lawyers who sought leave to take depositions after the discovery period had expired had waived for tactical reasons the opportunity to depose a witness, or had waived for tactical reasons the opportunity to ask questions of a witness who was, in fact, deposed by the opposing party during the discovery period. Implicit in the courts' respective conclusions are findings that the depositions were

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Gary L. Sharpe
May 17, 2010
Page 3

> sought by the lawyers for ulterior purposes. Such findings provide appropriate support for a decision to deny a request for a trial deposition.

*Id.* at 355 (citations omitted).

Here, Wal-Mart has failed to offer any justification – other than its own tactical and strategic decisions that it now regrets – for failing to timely depose Allen and/or ask Sims different questions on cross-examination during the discovery period. Allowing Wal-Mart to now depose or re-depose these witnesses would impose a prejudicial burden on Plaintiffs' time and resources on the eve of trial, and would open the floodgate for Wal-Mart to potentially take numerous additional depositions of witnesses whose travel or vacation plans render them purportedly "unavailable" to testify in person at trial.

Accordingly, Plaintiffs respectfully request that the Court deny Wal-Mart's request for leave to depose Allen and re-depose Sims on the eve of trial.

Thank you for Your Honor's consideration.

Respectfully submitted,

Douglas H. Wigdor

cc:   Counsel for All Parties (*by ECF*)