

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Joel L. Finger
212.497.8485 direct
212.583.9600 main
646.417.6793 fax
jfinger@littler.com

May 14, 2010

**BY ECF**

The Honorable Gary L. Sharpe
United States District Judge
Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, NY 12207

Re:   *Curns and Zukaitis v. Wal-Mart Stores, Inc.* (06-CV-1336 (GLS/DLH))

Dear Judge Sharpe:

      We represent the defendant Wal-Mart Stores East, L.P. ("Walmart") in the above-referenced action. This case was originally expected to proceed to trial later this month. However, pursuant to the Court's Sixth Amended Trial Order filed on May 7, 2010 (the "Trial Order"), the trial ready date has now been moved from May 17, 2010 to June 2, 2010.

      Please accept this letter brief as Walmart's request pursuant to Fed. R. Civ. P. 16(b) and Fed. R. Civ. P. 30 and 45 to amend the Uniform Pretrial Scheduling Order in this action in order to permit the parties to take a videotaped trial deposition of former Walmart Market Manager Patti Allen ("Allen") and former Market Manager (currently Pharmacy Manager) Randall Sims ("Sims"). Allen and Sims (collectively, the "Witnesses") are both important to the trial of this case, and their testimony should be preserved for the benefit of the jury.

      In her former capacity as a District Manager for Walmart, in June 2005 Allen conducted the interviews for one of the Co-Manager positions that Plaintiff Linda Zukaitis ("Zukaitis") sought at Walmart. Allen is the first person listed on Walmart's "will call" witness list that was filed on April 12, 2010. *See* Exhibit A. Even though Allen no longer works for Walmart, she was prepared to testify at trial on behalf of Walmart. However, I was just advised on Wednesday that Allen was informed this past Monday, May 10, 2010, that she has to travel to China during the first few weeks of June to finalize her adoption of a baby, and she is, therefore, unavailable for the currently scheduled trial date. Because Allen resides in Clay, New York, she is within the subpoena power of this Court.

      During the period relevant to this action, Sims was also a District Manager at Walmart. He conducted interviews for one of the District Fashion Merchandiser positions that Zukaitis

The Honorable Gary L. Sharpe
May 14, 2010
Page 2

interviewed for in June 2005. He is also listed as one of Walmart's "will call" witnesses. *See* Exhibit A. Months ago, Sims made plans to be in Anchorage, Alaska for a two week period starting on June 6, 2010. As such, he may not be available in Albany during the currently scheduled trial start date.

Given the recent change of the trial date, these two key witnesses are no longer available. Therefore, pursuant to the Court's Trial Order, we are requesting permission to preserve their videotaped deposition for trial.

Pursuant to the Scheduling Order in this case, all discovery closed on February 28, 2008. However, Rule 16(b) of the Federal Rules of Civil Procedure and Local Civil Rule 16.1(f) provides that a scheduling order, including the completion of discovery, may be modified upon a showing of "good cause." Moreover, the Court's Trial Order, which, of course, was entered after the close of discovery, specifically provides that continuances will not be granted due to witness unavailability, but "[i]n order to avoid the possibility of proceeding at trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve the testimony by written or video-taped deposition for possible use at trial." *See* Exhibit B. This is exactly such a circumstance where preservation depositions for use at trial are appropriate.

Unlike discovery depositions, trial depositions or preservation depositions may be taken even after the deadline for the completion of discovery has passed. *See RLS Assocs., LLC v. United Bank of Kuwait PLC,* 2005 U.S. Dist. LEXIS 3815, *18-20 (S.D.N.Y. Mar. 11, 2005) (granting motion to take videotape deposition of former employee who at the time of trial lived and worked in Dubai and was unwilling to travel to New York for live in-court testimony). This is based on the distinction between depositions that are taken by the parties to discover evidence and those depositions that are used to preserve testimony for trial. *See Manley v. AmBase Corp.,* 337 F.3d 237, 246-48 (2d Cir. 2003) (upholding decision to allow a deposition of the defendant's former chairman to preserve his testimony for trial who was now retired and living in California even where he had already been deposed during discovery); *see also Estenfelder v. Gates Corp.,* 199 F.R.D. 351, 355 (D. Colo. 2001) (court permitted trial depositions after the close of discovery based on the distinction between the need to preserve testimony for trial, as opposed to the need to discover evidence).

In addition, the fact that Plaintiffs took Sims deposition during discovery is of little significance here. Given the difference between discovery and trials, typically an attorney will not ask questions of their own witness at a deposition taken by the other side. As the court noted in *Lucas v. Pactiv Corp.,* 2009 U.S. Dist. LEXIS 120157, *8 (W.D. Va. Dec. 22, 2009): "It also must be recognized that evidence presented at trial is often not what a party wants to disclose voluntarily during discovery. For example, for reasons of trial strategy a party's

The Honorable Gary L. Sharpe
May 14, 2010
Page 3

attorney may decide to ask no questions of witnesses during the case's discovery, but he or she may want to ask broad open-ended questions of the witness at trial." *See also RLS Assocs.,* 2005 U.S. Dist. LEXIS 3815, *20 ("While he was still an employee, there was no reason for the Bank to depose Martorano, as it knew the substance of his testimony, and intended to present him as a live witness at trial"). Based on the recent rescheduling of the trial start date, and pursuant to the Court's direction to "preserve the testimony by written or video-taped deposition for possible use at trial," good cause exists to allow Walmart to preserve Sims testimony via videotaped deposition.

Walmart seeks to preserve the Witnesses' testimony for the benefit of the jury. Plaintiffs cannot claim that they are prejudiced by this request. Allen and Sims are two of the relevant decision makers whose testimony is important to both sides. Indeed, Plaintiffs included Sims on their list of witnesses expected to testify at trial. Although Sims lives and works in New Hampshire, Walmart will produce him for a deposition in New York City where counsel for both parties have their offices. If the Court permits Walmart to subpoena Allen and depose Sims, Plaintiffs' counsel will have their own opportunity to examine two witnesses who will otherwise be unavailable for trial. Thus, Plaintiffs have no legitimate basis to oppose this motion.

For the foregoing reasons, Walmart respectfully requests that the Court grant its motion to modify the Scheduling Order to allow Walmart to take videotaped preservation depositions of the Witnesses before the end of the month and to allow those depositions to be shown to the jury at trial.

Respectfully submitted,

Joel L. Finger /JEF

Enclosures

cc (w/encls.): Douglas H. Wigdor, Esq.

SO ORDERED:

Gary L. Sharpe
U.S. District Judge
Date: May 21, 2010