

## Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Andrew S. Goodstadt**
agoodstadt@twglaw.com

May 25, 2010

**BY ECF**

Honorable Gary L. Sharpe
United States District Judge
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, New York 12207

> Re:   *Kathleen Curns & Linda Zukaitis v. Wal-Mart Stores, Inc.*,
> **No. 06-CV-1336 (GLS)**

Dear Judge Sharpe:

We represent Plaintiffs Kathleen Curns and Linda Zukaitis ("Plaintiffs") in the above-referenced matter.  We write to respectfully request that the Court direct Defendant Wal-Mart Stores, Inc. ("Defendant" or "Wal-Mart") to reimburse Plaintiffs' counsel for the reasonable out-of-pocket costs associated with the pretrial deposition of former Wal-Mart Manager Patti Allen ("Allen"), the first individual identified on Wal-Mart's "will call" list of trial witnesses.  The Court granted Wal-Mart's recent application to schedule Allen's pretrial deposition, as well as the deposition of Wal-Mart Manager Randall Sims ("Sims"), by Order dated May 21, 2010 (ECF #96).

As stated in Wal-Mart's application for leave to conduct these pretrial depositions, Wal-Mart has agreed to produce Sims for his pretrial deposition in New York City, where counsel for both parties are located (*see* ECF #92).  However, Wal-Mart has scheduled Allen's deposition to be conducted in Syracuse, NY, which will require counsel to travel to Syracuse to cross-examine Allen in advance of the trial.  Because Allen's 11th-hour post-discovery deposition is being conducted pursuant to Wal-Mart's application to the Court (which Plaintiffs opposed) – and in light of the vast disparity in resources vis-à-vis Wal-Mart and the individual Plaintiffs seeking to vindicate statutory civil rights claims in this case – we respectfully request that Wal-Mart be required to bear the reasonable out-of-

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Gary L. Sharpe
May 25, 2010
Page 2

pocket costs to be incurred by Plaintiffs as a result of Wal-Mart's decision to conduct Allen's deposition in Syracuse.[1]

Thank you very much for Your Honor's consideration of this request.

Respectfully submitted,

Andrew S. Goodstadt

cc:     Counsel for All Parties (*by ECF*)

---

[1]     Counsel for Wal-Mart has advised us that Defendant would not consent to this request.